Sixth Circuit apparently adheres to the first approach. See *Maglio* v. *Jago*, 580 F. 2d 202, 205 (1978) (ambiguous invocation requires cessation of all questioning). State high courts also continue to issue conflicting decisions. Kentucky and Texas, like Virginia, now employ a variant of the second, "threshold standard," approach, see *Dean* v. *Commonwealth*, 844 S. W. 2d 417, 420 (Ky. 1992) (endorsing *Eaton* v. *Commonwealth, supra*); *Russell* v. *State*, 727 S. W. 2d 573, 575 (Tex. Crim. App.) (en banc) (right to counsel invoked if "clearly asserted"), cert. denied, 484 U. S. 856 (1987), while other States and the District of Columbia have embraced the third approach, see *State* v. *Staatz*, 159 Ariz. 411, 414, 768 P. 2d 143, 146 (1988); *People* v. *Benjamin*, 732 P. 2d 1167, 1171 (Colo. 1987), *Crawford* v. *State*, 580 A. 2d 571, 576–577 (Del. 1990); *Ruffin* v. *United States*, 524 A. 2d 685 (D. C. 1987), cert. denied, 486 U. S. 1057 (1988); *Hall* v. *State*, 255 Ga. 267, 273, 336 S. E. 2d 812, 816 (1985); *State* v. *Robinson*, 427 N. W. 2d 217, 223 (Minn. 1988).

As it is apparent that a substantial number of criminal defendants who are identically situated in the eyes of the Constitution have received, and will continue to receive, dissimilar treatment because of the different approaches taken by the lower courts, I would grant certiorari.

No. 92–7774. ECHOLS *v.* THOMAS, WARDEN. C. A. 11th Cir. Certiorari before judgment denied.

No. 92–912. PRIMROSE OIL CO., INC. *v.* STEVEN D. THOMPSON TRUCKING, INC., ET AL., *ante*, p. 911;

No. 92–943. CAMPO *v.* ELECTRO-COAL TRANSFER CORP., INC., *ante*, p. 912;

No. 92–992. LEWIS, PERSONAL REPRESENTATIVE OF THE ESTATE OF LEWIS, DECEASED, ET AL. *v.* UNITED STATES NAVY, *ante*, p. 914;

No. 92–993. McCUE *v.* McCUE, PERSONAL REPRESENTATIVE OF THE ESTATE OF McCUE, DECEASED, *ante*, p. 914;

No. 92–1029. SKURNICK *v.* AINSWORTH, *ante*, p. 915;

No. 92–1037. MILLER *v.* INDIANA HOSPITAL ET AL., *ante*, p. 952;

No. 92–1117. HALL *v.* CONWAY ET AL., *ante*, p. 918;

No. 92–1118. CAMOSCIO *v.* CONWAY ET AL., *ante*, p. 918;

No. 92–1167. BUSH *v.* ZEELAND PUBLIC SCHOOLS ET AL., *ante*, p. 920;

No. 92–1174. SCHNEIDERMAN ET AL. *v.* UNITED STATES, *ante*, p. 921;

No. 92–5743. DAWSON *v.* NEVADA, *ante*, p. 921;

No. 92–6331. DAVIS *v.* BENTSEN, SECRETARY OF THE TREASURY, ET AL., *ante*, p. 923;

No. 92–6448. GILES *v.* HOTEL OAKLAND ASSOCIATES ET AL., *ante*, p. 923;

No. 92–6459. SELLAND *v.* UNITED STATES ET AL., *ante*, p. 923;

No. 92–6530. GRIFFIN *v.* ILLINOIS, *ante*, p. 924;

No. 92–6546. CALDWELL *v.* SECRETARY OF VETERANS AFFAIRS ET AL., *ante*, p. 1001;

No. 92–6584. ALLEN *v.* NORTH CAROLINA, *ante*, p. 967;

No. 92–6594. HILL *v.* NORTH CAROLINA, *ante*, p. 924;

No. 92–6664. THAKKAR *v.* DEBEVOISE, *ante*, p. 974;

No. 92–6669. MARTINEZ *v.* UNITED STATES, *ante*, p. 925;

No. 92–6773. LEWIS *v.* AMERICAN AIRLINES ET AL., *ante*, p. 927;

No. 92–6782. MOORE *v.* UNITED STATES, *ante*, p. 927;

No. 92–6791. ELLIS *v.* COLLINS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, *ante*, p. 927;

No. 92–6842. STEVENS *v.* ZANT, WARDEN, *ante*, p. 929;

No. 92–6865. PEABODY *v.* ARIZONA, *ante*, p. 930;

No. 92–6883. MINNIS *v.* BALDWIN, *ante*, p. 930;

No. 92–6904. HOLMAN *v.* ASPIN, SECRETARY OF DEFENSE, ET AL., *ante*, p. 989;

No. 92–6918. SEAGRAVE *v.* GOMEZ, WARDEN, *ante*, p. 931;

No. 92–6920. SEAGRAVE *v.* CALIFORNIA, *ante*, p. 932;

No. 92–6954. SATCHER *v.* VIRGINIA, *ante*, p. 933;

No. 92–6967. PRENZLER *v.* KLEINMAN, *ante*, p. 934;

No. 92–6972. GOODMAN *v.* GOODMAN, *ante*, p. 934;

No. 92–6985. ALLEN *v.* LEIMBACH, *ante*, p. 935;

No. 92–7089. MCCULLOUGH *v.* SINGLETARY, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, *ante*, p. 975;

No. 92–7090. YOUNG *v.* UNITED STATES, *ante*, p. 940;

No. 92–7100. RAMAGE ET AL. *v.* CLINTON STATE BANK, *ante*, p. 941;

No. 92–7134. SMITH *v.* HAITH ET AL., *ante*, p. 963;

No. 92–7149. EMBABY *v.* CONTROL DATA CORP., *ante*, p. 963;

No. 92–7158. MERCER *v.* UNITED STATES, *ante*, p. 952;

No. 92–7195. POWELL *v.* PETERS, DIRECTOR, ILLINOIS DE-PARTMENT OF CORRECTIONS, ET AL., *ante,* p. 964;

No. 92–7234. FERDIK *v.* CORBETT ET AL., *ante,* p. 976;

No. 92–7248. HARDING *v.* MARYLAND, *ante,* p. 945;

No. 92–7265. SCOTT *v.* INDETERMINATE SENTENCE REVIEW BOARD FOR WASHINGTON, *ante,* p. 946;

No. 92–7321. JOHNSON *v.* DEPARTMENT OF DEFENSE, *ante,* p. 977;

No. 92–7402. KOWEY *v.* COLLINS, DIRECTOR, TEXAS DEPART-MENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, ET AL., *ante,* p. 978;

No. 92–7415. MCGANN *v.* BIDERMAN ET AL., *ante,* p. 978; and

No. 92–7493. MARENO *v.* JET AVIATION OF AMERICA, INC., *ante,* p. 966. Petitions for rehearing denied.

No. 92–895. ROUCH *v.* ENQUIRER & NEWS OF BATTLE CREEK, MICHIGAN, *ante,* p. 967; and

No. 92–954. KING, AKA GREENE *v.* RUSSELL ET AL., *ante,* p. 913. Motions of petitioners for leave to proceed further herein *in forma pauperis* granted. Petitions for rehearing denied.

No. 92–5554. MOSS *v.* COLLINS, DIRECTOR, TEXAS DEPART-MENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION, 506 U. S. 1055. Motion for leave to file petition for rehearing denied.

APRIL 20, 1993

No. 92–8383 (A–801). HENDERSON *v.* SINGLETARY, SECRE-TARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL. Sup. Ct. Fla. Application for stay of execution of sentence of death, pre-sented to JUSTICE KENNEDY, and by him referred to the Court, denied. Certiorari denied.

APRIL 21, 1993

No. 92–8394 (A–806). HENDERSON *v.* SINGLETARY, SECRE-TARY, FLORIDA DEPARTMENT OF CORRECTIONS. C. A. 11th Cir. Application for stay of execution of sentence of death, presented to JUSTICE KENNEDY, and by him referred to the Court, denied. Certiorari denied.